**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LUNDES GARRETT,** | : |
|     **Appellant** | :   **CIVIL ACTION NO. 3:17-0750** |
| **v** | : |
| |   **(JUDGE MANNION)** |
| **CHASE HOME FINANCE s/b/m/t CHASE MANHATTAN MORTGAGE CORP.** | : |
| | : |
|     **Appellee** | : |

# M E M O R A N D U M

## I.  BACKGROUND

Pending before the court is one of several recent appeals filed by *pro se* appellant Lundes Garrett seeking to challenge and re-litigate various Orders issued by the bankruptcy court arising out of his four underlying bankruptcy cases, two Chapter 7 cases and two Chapter 13 cases.[1] Appellant's instant appeal was filed on April 27, 2017, and involves one of his closed Chapter 7 bankruptcy cases, namely, case number 5:11-bk-1800, M.D.Pa. (Doc. 1).

After a hearing was conducted in appellant's bankruptcy case number 5:11-bk-1800, in which testimony was taken and exhibits were submitted, the bankruptcy court issued a final Order on May 17, 2011 granting appellee

---

[1]Appellant's Chapter 7 bankruptcy cases, filed pursuant to 11 U.S.C. §707(a), are docketed to case numbers 5:11-bk-1800 and 5:16-bk-01783, M.D.Pa., and his Chapter 13 cases are docketed to numbers 5:15-bk-05164 and 5:16-bk-00272.

Chase Home Finance LLC's ("Chase") April 1, 2011 motion for relief from the automatic stay under 11 U.S.C. §362. (Doc. 5, Doc. 8). In the instant appeal, appellant is appealing the bankruptcy court's Order dated April 18, 2017 which denied his March 21, 2017 motion to vacate, pursuant to Fed.R.Civ.P. 60(b), that court's Order of May 17, 2011.

Appellant is essentially now trying to challenge a bankruptcy court Order initially issued almost six years ago in a case that has been closed for three years. In fact, the Chapter 7 trustee entered his report of no distribution of assets on August 4, 2011, and the trustee certified that appellant's bankruptcy case had been fully administered. Subsequently, appellant and his joint debtor wife, June Garrett, who is not a party herein, received their Chapter 7 bankruptcy discharge on October 20, 2011. Appellant's stated bankruptcy case was closed after being fully administered on April 18, 2014 when the bankruptcy court entered the final decree.

Along with his instant appeal, appellant filed a motion for leave to proceed *in forma pauperis* indicating that he has no income, $400 in the bank, and two older vehicles. (Doc. 2).

On May 10, 2017, appellant filed his designation of the items to be included in the record on appeal and an amended designation on May 23, 2017. (Doc. 4).

On June 1, 2017, appellant filed his statement of the issues to be presented on appeal as directed by the court. (Doc. 4). After being granted an

extension of time, appellant filed his brief in support of his appeal on August 29, 2017. (Doc. 13). Chase filed its brief on September 28, 2017. (Doc. 16). Chase also filed a motion to supplement the record and a designation of additional items to be included in the record with an Appendix on September 28, 2017, (Doc. 17, Doc. 18, Doc. 19), and the court granted the motion on October 27, 2017. (Doc. 21). Appellant's appeal is now ripe for disposition.

Based on the foregoing, the court will **AFFIRM** the bankruptcy court's Order dated April 18, 2017, and **DENY** appellant's appeal. (Doc. 1).

## II. JURISDICTION AND STANDARD OF REVIEW

This court has appellate jurisdiction over the bankruptcy court's April 18, 2017 Order pursuant to 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). *See* In re Michael, 699 F.3d 305, 308 n.2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court.").

The court in Forever Green Athletic Fields, Inc. v. Dawson, 514 B.R. 768, 778 (E.D.Pa. 2014), discussed the legal standard regarding appeals of bankruptcy court orders and stated:

> Federal Rule of Bankruptcy Procedure 8013 provides that a reviewing court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. In our review, we are governed by traditional standards of appellate review and accordingly review a bankruptcy court's legal determinations de

3

novo, independent of that court and without deference to its analysis and conclusions of law. *See* American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999); *see also* Fed. R. Bankr. P. 8013. We review its factual findings, whether based on oral or documentary evidence, for clear error, and its exercise of discretion for abuse thereof. In re Trans World Airlines, Inc., 145 F.3d 124, 130–31 (3d Cir. 1998). Mixed questions of fact and law must be broken down and reviewed under the applicable standard. *See* In re Montgomery Ward Holding Corp., 326 F.3d 383, 387 (3d Cir. 2003). We review a bankruptcy court's dismissal of a bankruptcy case as a bad faith filing for abuse of discretion. In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999).

Additionally, "[a] factual finding is clearly erroneous if the district court is firmly convinced, based on all of the evidence, that the bankruptcy court made a mistake." Id. (citation omitted). The district court "may not engage in independent factfinding." Id. (citation omitted).

Thus, the district court reviews "the Bankruptcy Court's findings of fact for clear error and exercises plenary review over the Bankruptcy Court's legal determinations." In re Zinchiak, 406 F.3d 214, 221-22 (3d Cir. 2005) (citation omitted).

Since appellant's Chapter 7 bankruptcy case was closed after being fully administered when he filed his March 21, 2017 motion to vacate the bankruptcy court's Order of May 17, 2011, "the Court may treat motions to modify or enforce orders in a closed bankruptcy case as motions to reopen the case." In re Truong, 2011 WL 2894580, *5 (S.D.N.Y. July 15, 2011) (citations omitted). At the April 18, 2017 hearing regarding appellant's March

4

21, 2017 motion, the bankruptcy court found no cause to reopen appellant's closed bankruptcy case pursuant to section 350 of the Bankruptcy Code. (*See* Doc. 112, 5:11-bk-1800). Section 350 "governs the reopening of cases and states '[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.'" Id. at *6 (citing 11 U.S.C. §350(b)). Additionally, "bankruptcy courts have broad discretion to reopen cases after an estate has been administered." In re Zinchiak, 406 F.3d at 223 (citation omitted). Further, "the decision of the Bankruptcy Court to reopen a previously closed bankruptcy proceeding is reviewed for abuse of discretion." Id. at 221-22 (citation omitted).

### III. DISCUSSION

Initially, with respect to appellant's motion to proceed *in forma pauperis*, (Doc. 2), "IFP determinations are to be made solely on the basis of indigence." In re Truong, 335 Fed.Appx. 156, 157-58 (3d Cir. 2009) (citing Deutsch v. United States, 67 F.3d 1080, 1084 n. 5 (3d Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir. 1990)). As such, the court will **GRANT** appellant's motion to proceed *in forma pauperis*.

Briefly, as background to appellant's instant appeal, Chase instituted a mortgage foreclosure action against appellant on August 5, 2010 in Monroe County Court of Common Pleas, seeking to foreclose upon real property located at 8 Rose Drive, Saylorsburg, Pennsylvania 18353. On March 15,

2011, appellant and his wife, June Garrett, filed a Chapter 7 Bankruptcy Petition in bankruptcy court, No. 11-bk-1800. Due to the bankruptcy case, the automatic stay prevented Chase from moving forward with its mortgage foreclosure action in state court. Thus, on April 1, 2011, Chase filed a motion for relief from the automatic stay seeking the bankruptcy court to permit it to foreclose on the Garretts' property. The Garretts filed a brief in opposition to Chase's motion in which they argued, in part, that Chase committed a fraud upon the bankruptcy court by manufacturing documents it filed and, that the assignment of their mortgage to Chase was invalid.

The bankruptcy court conducted an evidentiary hearing regarding Chase's motion for relief from stay on May 17, 2011. After the hearing, the bankruptcy court granted Chase's motion since the Garretts' property was to be liquidated in their Chapter 7 bankruptcy case; since the Garretts could challenge Chase's standing to foreclose on the property by filing an adversary proceeding in bankruptcy court; since the Garretts could also raise their challenge to Chase's standing in the pending state court foreclosure action; and since the Garretts' delinquency on the mortgage loan assigned to Chase was significant.

On May 27, 2011, the Garretts filed a motion to vacate the May 17, 2011 Order of the bankruptcy court, and also filed a Notice of Appeal with the district court. The district court later dismissed the Garretts' appeal on August 10, 2011 for failure to prosecute.

The Garretts received their Chapter 7 bankruptcy discharge on October 20, 2011, and the bankruptcy court then denied their May 27, 2011 motion to vacate, as moot, in light of their discharge.

The final decree in the Garretts' bankruptcy case was issued on April 18, 2014, and their case was closed.

On March 21, 2017, almost three years after his bankruptcy case had been closed, Mr. Garrett ("appellant") filed another motion to vacate the bankruptcy court's Order of May 17, 2011, pursuant to Fed.R.Civ.P. 60(b).[2] Appellant requested that the bankruptcy court vacate its May 17, 2011 Order claiming that the court lacked jurisdiction, and that Chase did not have standing to seek relief from the automatic stay because the mortgage was fraudulently assigned to it. Appellant's latest motion to vacate seemingly is based on Rule 60(b)(3), (4) and (6). The bankruptcy court conducted a hearing on appellant's motion to vacate on April 18, 2017. Appellant acknowledged that after Chase was granted relief from the stay, the state

---

[2] Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on one or more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or discharged; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

7

court foreclosure action proceeded and, during that proceeding, he challenged Chase's standing to foreclose. However, the state court found that Chase had the ability to foreclose and Chase prevailed in the foreclosure action. After the hearing, the bankruptcy court issued an Order on April 18, 2017 denying appellant's motion to vacate. On April 27, 2017, appellant filed his instant appeal of the April 18, 2017 Order to this court. (Doc. 1).

In considering a Rule 60(b) motion, "any time a [ ] court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993) (alterations and internal quotation marks omitted). A motion brought under Fed.R.Civ.P. 60(b) "is directed to the sound discretion of the trial court." Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).

"The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (alterations and internal quotations marks omitted). Relief pursuant to Rule 60(b) is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). "One who seeks such extraordinary relief . . . bears a heavy burden." Plisco v. Union R.R. Co., 379 F.2d 15, 17 (3d Cir.

1967).

Chase summarizes its arguments opposing appellant's appeal, (Doc. 16 at 14-15), as follows:

> The Bankruptcy Court did not abuse its discretion by denying Mr. Garrett's Motion to Vacate; it was both untimely and meritless. It was not filed within a reasonable period after its entry, let alone the one-year period required by the Rules. Appellant did not demonstrate any extraordinary circumstances necessary for the Bankruptcy Court to open a six year old final judgment under Rule 60(b). Moreover, Appellant received a bankruptcy discharge in October 2011, months after the automatic stay was lifted. That discharge terminated any automatic stay still in place at the time, including any stay affecting Chase's foreclosure action. Accordingly, this appeal is also moot.

At the outset, insofar as appellant claimed that the bankruptcy court should vacate its May 17, 2011 Order since it lacked jurisdiction to grant Chase's motion for relief from the automatic stay, his contention was without merit since the bankruptcy court clearly had jurisdiction to issue its Order. *See* In re Johnson, 196 Fed.Appx. 112, 114 (3d Cir. 2006) (Bankruptcy Court is authorized to grant relief from the automatic stay upon the request of an interested party under [the] circumstances [provided for in 11 U.S.C. §326(d)]." In re Jones, 222 Fed.Appx. 156 (3d Cir. 2007) ("11 U.S.C. §362(d) provides, 'On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay'"). In fact, at the April 18, 2017 hearing, the bankruptcy court explained

to appellant how it had jurisdiction to issue its Order of May 17, 2011 in his bankruptcy case. (*See* Doc. 7). Thus, the bankruptcy court properly found that there was no basis to vacate its Order of May 17, 2011 since it had authority to issue that Order.

Next, to the extent that appellant's motion to vacate is based on allegations of fraud related to the assignment of the mortgage on his property from MERS to Chase, it falls under Rule 60(b)(3) and is untimely since it was filed more than one year from the date of the entry of the order or judgment. Indeed, appellant is well beyond the one year time limit. *See* Moolenaar v. Gov't. of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Further,"Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1)-(3) may be circumvented." Stradley v. Cortez, 818 F.2d 488, 493 (3d Cir. 1975)).

Thus, appellant's March 21, 2017 motion to vacate and his instant appeal are untimely insofar as they are based on allegations of fraud related to the assignment of the mortgage to Chase.

To the extent that appellant relies upon Fed.R.Civ.P. 60(b)(6) in support of his motion to vacate, even though such a motion "is not subject to the one-year limitation for seeking relief", "a Rule 60(b)(6) motion must be filed within a 'reasonable time.'" Williams v. City of Erie Police Dept., 639

Fed.Appx. 895, 898 (3d Cir. 2016). Here, appellant's instant motion, filed after an almost 6-year delay, was not filed within a "reasonable time".

Further, a "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." Jackson v. Danberg, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing United States v. Swift & Co., 286 U.S. 106 (1932)). The movant bears a heavy burden of proof that extraordinary circumstances are present to justify relief under Fed.R.Civ.P. 60(b)(6). Bohus v. Beloff, 950 F.2d at 930.

The grounds raised by appellant are without merit and he has failed to meet his heavy burden that extraordinary circumstances exist. As Chase explains, (Doc. 16 at 20), in its brief:

> Mr. Garrett has not explained why this nearly six-year delay could be considered reasonable and cannot show good cause for this delay. He raised identical arguments—[Chase's] lack of standing based upon the allegedly fraudulent assignment of the mortgage—in his objections to Chase's Motion for Relief from the Automatic Stay and his 2011 Motion to Vacate, both of which were filed in 2011 and rejected. The underlying issues were litigated to final judgment in the state court foreclosure action.

Further, as stated, appellant filed a much earlier appeal to the district court on May 27, 2011, regarding the bankruptcy court's May 17, 2011 Order granting Chase relief from the automatic stay. However, he abandoned his appeal and the district court dismissed it on August 10, 2011 for failure to

prosecute it.

Additionally, at the April 18, 2017 hearing, the bankruptcy court explained to appellant that since the state court allowed Chase to foreclose on his property after the bankruptcy court had lifted the automatic stay in his case, despite his contention that Chase lacked standing to foreclose, the bankruptcy court would also be barred by the *Rooker-Feldman* doctrine from reversing the state court foreclosure judgment. The Third Circuit has held that the *Rooker-Feldman* doctrine "applies equally to federal Bankruptcy Courts." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009). "A Bankruptcy Court is thus barred in certain circumstances from taking 'an action that would negate the state court's judgment.'" In re D'Angelo, 491 B.R. 395, 407 (E.D.Pa. March 20, 2013) (quoting In re Madera, 586 F.3d at 233).
Thus, in the present case, the bankruptcy court "properly concluded that it was barred by the *Rooker-Feldman* doctrine from disturbing the state court [mortgage foreclosure] judgment." Id. at 408.

By way of his instant Rule 60(b) motion to vacate, appellant was essentially asking the bankruptcy court to void the state court foreclosure judgment entered after it granted Chase's motion for relief from the automatic stay by requesting the bankruptcy court to find that Chase did not have an interest in his property. Such relief is clearly barred by the *Rooker-Feldman* doctrine as the bankruptcy court found. *See* Hansford v. Bank of America, 2008 WL 4078460,*5 (E.D.Pa.) (a claim that would "effectively undo" the state

court's foreclosure judgment is "inextricably intertwined" with a prior state court judgment, and the district court lacks jurisdiction over such claim under the *Rooker-Feldman* doctrine); Jacobowitz v. M&T Mortgage Corporation, 372 Fed.App'x 225 (3d Cir. 2010) (same).

The bankruptcy court further pointed out that appellant had state court remedies to raise his claim that Chase did not have standing to foreclose on his property since it did not have an interest in the property. However, as Chase details in its brief, (Doc. 16 at 24), any such arguments were meritless. In fact, "it is well-established that a borrower (in this case, [appellant]) does not have standing to challenge the validity of mortgage assignments." Souders v. Bank of America, 2012 WL 7009007, at *11 (M.D.Pa. Dec. 6, 2012), adopted by 2013 WL 451863, M.D.Pa. Feb. 06, 2013).

Since the court will affirm the bankruptcy court's April 18, 2017 Order based on its finding that appellant failed to meet the Rule 60(b) standard for granting relief from a final order, the court need not consider Chase's final argument that appellant's claims are moot.

## IV. CONCLUSION

Accordingly, appellant's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**. The court will **AFFIRM** the bankruptcy court's Order dated April 18, 2017. Appellant's appeal, (Doc. 1), will be **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 5, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0750-01.wpd